**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

ANDRE G. BOUCHARD
CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted:  June 3, 2015
Date Decided:  August 14, 2015

Kevin R. Shannon, Esquire
Berton W. Ashman, Jr., Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899

Kurt M. Heyman, Esquire
Melissa N. Donimirsky, Esquire
Proctor Heyman Enerio LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

Gregory P. Williams, Esquire
Lisa A. Schmidt, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Paul D. Brown, Esquire
Chipman Brown Cicero & Cole, LLP
1007 N Orange, Suite 1110
Wilmington, DE 19801

Peter B. Ladig, Esquire
Brett M. McCartney, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Susan Wood Waesco, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

RE: *In re:  Shawe & Elting LLC*
Civil Action No. 9661-CB

*Philip R. Shawe v. Elizabeth Elting, et al.*
Civil Action No. 9686-CB

*In re:  TransPerfect Global, Inc.*
Civil Action No. 9700-CB

Dear Counsel:

This letter opinion resolves one of the two pending motions for sanctions in the

lawsuits that Elizabeth Elting and Philip R. Shawe have filed against each other.

On March 6, 2015, Shawe moved under Court of Chancery Rule 30(d) for monetary sanctions against Elting and the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") for the conduct of Kramer Levin attorney Philip Kaufman in defending the deposition of Ronald Greenberg, another Kramer Levin attorney, on February 6, 2015. The basis for Shawe's motion is that Mr. Kaufman inappropriately instructed Mr. Greenberg not to answer many of the seventy-five questions for which Mr. Kaufman gave that instruction, and that Mr. Kaufman terminated the deposition prematurely.

Mr. Kaufman is admitted *pro hac vice* in these actions and thus is bound by the Court of Chancery Rules. *See* Ch. Ct. R. 170; *Paramount Commc'ns Inc. v. QVC Network Inc.*, 637 A.2d 34, 53 (Del. 1994). Under Court of Chancery Rule 30(d)(1), "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under [Rule 30](d)(3)," which may be made to this Court "or a Court of competent jurisdiction in the state where the deposition is being taken." Ch. Ct. R. 30(d)(3). Under Court of Chancery Rule 30(d)(2), "[i]f the court finds . . . conduct that has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any party as a result thereof."

Having reviewed the complete transcript of Mr. Greenberg's deposition, I conclude that Mr. Kaufman's defense of that deposition did not comport with the standards required by the Court of Chancery Rules. Many of the questions that Mr. Kaufman instructed Mr. Greenberg not to answer were benign and did not implicate any privilege. There was no order from the Court limiting the scope of the deposition, and neither Elting nor Mr. Greenberg moved for an order under Court of Chancery Rule 30(d)(3). The following examples are illustrative of Mr. Kaufman's instructions:

> Q. And in that e-mail you called Mr. Shawe's e-mails foolish. Correct?

> Mr. Kaufman: Direction not to answer. He is not going to characterize his communications. They say what they say. . . .

> Q. When you wrote in Paragraph 2, the second line, "Given the libelous statements you have made about her," what did you mean?

> Mr. Kaufman: Direction not to answer. . . .

> Q. Mr. Greenberg, did you have oral communications with ADP regarding TransPerfect in the period March and April and May 2014?

> Mr. Kaufman: Direction not to answer. . . .

> Q. Were the e-mails reflected here on Thursday, April 10, at 4:02 p.m., 4:54 p.m. and 6:07 p.m. between you and ADP from which Mr. Graham and I were dropped sent and received by you?

> Mr. Kaufman: Direction not to answer. . . .

> Q. Mr. Greenberg, did you have any oral communications with Mr. Gerber at Gerber & Co. in or around March and April 2014?

> Mr. Kaufman: Direction not to answer.

> Q. Who is Mr. Gerber?

Mr. Kaufman:  Direction not to answer.  . . .

Q.    Did you have communications with Mr. Burlant about TransPerfect business from time to time?

Mr. Kaufman:  Direction not to answer. . . .

Q.  Mr. Greenberg, did you have communications with Julia Marsh at the New York Post regarding this litigation?

Mr. Kaufman:  Direction not to answer.

*See* Greenberg Dep. 126-27, 131-32, 134, 136-38, 141.

The litigation of these actions has been a heated affair to be sure, but that does not excuse unprofessional conduct.  Mr. Kaufman's defense of this deposition crossed the line between zealous advocacy and unprofessional conduct, and frustrated the fair examination of Mr. Greenberg.  The argument that Shawe was not prejudiced because he elected not to elicit testimony from Mr. Greenberg at trial is unpersuasive.  The fact that Shawe later chose not to call Mr. Greenberg as a witness at trial does not relieve Mr. Kaufman of his obligations under the Court of Chancery Rules, and the decision not to call Mr. Greenberg appears to have been a legitimate strategic choice given how the issues in the trial unfolded.  Additionally, unclean hands does not apply here because Shawe's sanctions motion for misconduct during the deposition of Mr. Greenberg does not directly relate to the very serious allegations of discovery misconduct that are the subject of Elting's pending motion for sanctions.

"Sanctions serve three functions: a remedial function, a punitive function, and a deterrent function."  *Beard Research, Inc. v. Kates*, 981 A.2d 1175, 1189 (Del. Ch. 2009),

*aff'd sub nom., ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749 (Del. 2010). "In the event this Court determines that sanctions for discovery abuses are appropriate, the sanction must be tailored to the culpability of the wrongdoer and the harm suffered by the complaining party." *Cartanza v. Cartanza*, 2013 WL 1615767, at *2 (Del. Ch. Apr. 16, 2013). In my opinion, and as contemplated by Court of Chancery Rule 30(d)(2), Shawe is entitled to his reasonable costs and attorneys' fees incurred in preparing and conducting the deposition of Mr. Greenberg and in briefing the motion. The sanction will be assessed solely against Kramer Levin because Mr. Kaufman was acting primarily as counsel for the witness, Mr. Greenberg, during the deposition.

Shawe's counsel is directed to file an affidavit within ten business days setting forth his reasonable costs and attorneys' fees as provided above, and a proposed order awarding such costs and fees within ten business days of entry of that order.

IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gp